STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JESSIE S. LAWSON,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0675**  (BOR Appeal No. 2045060)
(Claim No. 2008016895)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Jessie S. Lawson, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kingston Mining, Inc., by Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2011, in which the Board affirmed a September 21, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2009, decision granting Mr. Lawson an additional 2% permanent partial disability award for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Lawson worked as a roof bolter for Kingston Mining, Inc. He was diagnosed with bilateral carpal tunnel syndrome on November 26, 2006. The claim was held compensable for carpal tunnel syndrome on April 23, 2008. Subsequently, Mr. Lawson underwent carpal tunnel releases on each wrist. The claims administrator previously granted Mr. Lawson a 2% permanent partial disability award. On June 18, 2009, the claims administrator granted Mr. Lawson an additional 2% permanent partial disability award.

The Office of Judges found that the preponderance of the evidence supported only the additional 2% permanent partial disability award given by the claims administrator. On appeal, Mr. Lawson argues that Dr. Guberman's evaluation recommending an additional 8% permanent partial award is the most persuasive evidence. Kingston Mining maintains that the evidence supports only the additional 2% permanent partial disability award given. Dr. Mukkamala found Mr. Lawson had an excellent release from bilateral carpal tunnel release, and recommended an additional 2% permanent partial disability award. Dr. Guberman evaluated Mr. Lawson and found that despite the surgeries, he continued to have many symptoms of carpal tunnel syndrome, and recommended an additional 8% permanent partial disability award. Dr. Bachwitt evaluated Mr. Lawson and found that he was entitled to an additional 2% permanent partial disability award, and that Dr. Guberman's recommendation was not consistent with Mr. Lawson's mild carpal tunnel syndrome.

In affirming the claims administrator's decision granting Mr. Lawson an additional 2% permanent partial disability, the Office of Judges concluded that Dr. Guberman's findings did not appear to reflect Mr. Lawson's current whole person impairment. The Office of Judges noted that the findings of Dr. Mukkamala, Dr. Bachwitt, and Dr. Zahir support the claims administrator's findings. The Office of Judges concluded that Mr. Lawson is entitled to a total of a 4% permanent partial disability award for bilateral carpal tunnel syndrome. The Board of Review reached the same reasoned conclusions in its decision of March 21, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II